UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID VAN BULLOCK, #248512,

    Petitioner,

                                         Civil No: 06-CV-10970
                                         Honorable John Corbett O'Meara
                                         Magistrate R. Steven Whalen

v.

ANDREW JACKSON,

    Respondent.
_____/

**OPINION & ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS**

Petitioner, David Van Bullock, is a state inmate currently incarcerated at Saginaw Correctional Facility in Freeland, Michigan. Petitioner was convicted at the conclusion of a Wayne County Circuit Court bench trial of unarmed robbery, Mich. Comp. Laws §750.530; larceny of a firearm, Mich. Comp. Laws §750.357b; and felon in possession of a firearm, Mich. Comp. Laws §750.224f. Petitioner was sentenced to a term of ten to twenty-two years' imprisonment for the robbery conviction, and three to seven years' imprisonment for each of the weapons conviction. Petitioner filed a *pro se* petition for habeas corpus under 28 U.S.C. §2254. For the reasons stated below, the Court will deny the petition.

### I. BACKGROUND

Defendant's convictions arise from the complainant, Andrew Burks, being robbed at gun point. Mr. Burks testified that as he arrived at his residence shortly after midnight, he was followed in by Petitioner, who he has known since he was a child, and another individual. (Tr., 10/12/00, at

15). Mr. Burks testified that he was forced into his home and onto the floor at gun point[1]. *Id* at 10. He further testified that both Petitioner and the other individual "ransacked" his home, and took turns guarding him while the other searched for items to steal. *Id.* at 11-13. Several items were taken, including fur coats, other clothing, a Bose sound system, three guns, and $2,500.00 in cash. *Id.* at 12-13. Mr. Burks continued to be held at gun point as his belongings were taken out of the home and placed in a vehicle. *Id.* at 13. Petitioner and the other individual subsequently left the scene; and Mr. Burks immediately contacted the police. *Id.* at 14.

Petitioner filed an appeal of right and raised the following claim:

I. The trial court erred in exceeding the sentencing guideline range of 36 months to 88 months with its sentence of 10 years to 22 years when there were no substantial and compelling reasons for the departure.

Petitioner then filed a supplemental brief with the Michigan Court of Appeals and raised the following issue:

I. The trial court's finding of guilty of unarmed robbery is clearly erroneous. Defendant's convictions must be vacated because it violates his state and federal constitutional rights to a fair trial contrary to the United State[s] and Michigan Constitutions.

The Michigan Court of Appeals affirmed Petitioner's convictions and sentences. *People v. Bullock,* No: 231992, 2002 WL 31013190 (Mich. Ct. App. Sept. 6, 2002).

Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the following claims:

---

[1] The trial court judge did not believe that Petitioner forced himself into Mr. Burks' home while holding him at gun point, and that Mr. Burks exaggerated the circumstances surrounding the robbery to a certain extent. The trial court judge believed that the robbery of Mr. Burks was unarmed. And ultimately found him guilty of that offense.

> I. The findings of the Michigan Court of Appeals was clearly erroneous, in violation of the U.S. Supreme Court's clearly established federal law of Stacy Koon, the U.S. Constitution V, VI, XIV Amendments and constituted plain error under Guy Olano, where it opined that the trial court did not abuse its discretion (yet committed clear error of law) when it deviated from the sentencing guidelines mandatory language.
>
> II. The finding of the Michigan Court of Appeals was clearly erroneous, standing in violation of the standards of the U.S. Supreme Court set forth in James Jackson and Sam Winship, where it found that there was sufficient evidence to support an unarmed robbery conviction, when the court of appeals simultaneously opined that the trial court's finding did not violate Defendant/Appellant Bullock's right to due process of law pursuant to the U.S. Constitution V, VI, XIV Amendments; Const. 1963, Art. 1 §17, 20.

Petitioner's application for leave to appeal was denied. *People v. Bullock,* 468 Mich. 907; 661 NW2d 583 (2003)(table).

Petitioner filed a motion for relief from judgment with the Wayne County Circuit Court and relief was denied on April 6, 2004. Petitioner then filed a delayed application for leave to appeal the April 6, 2004 order with the Michigan Court of Appeals raising the following claims:

> I. Defendant's conviction must be reversed where the trial court made insufficient findings of fact and conclusions of law, and the trial court erroneously denied defendant's motion for relief from judgment on the basis that this issue was previously raised and rejected in defendant's prior appeal of right.

Petitioner's delayed application for leave to appeal was denied. *People v. Bullock,* No: 259167, (Mich. Ct. App. June 24, 2005). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the following claims:

> I. Was defendant denied his constitutional right to due process of the law, as guaranteed under state and federal law, where the trial court sitting as the trier of fact, failed to make a specific finding of fact and state its conclusion of law upon which it found defendant guilty of the lesser offense of unarmed robbery?
>
> II. Does defendant's due process claim fall within the requirements of MCR 6.508 which articulates the procedures for obtaining post-appeal relief, where defendant was denied his right to effective assistance of counsel on direct appeal, and can make a substantial showing of actual innocence and a fundamental miscarriage of justice?

3

The Michigan Supreme Court denied relief. *People v. Bullock,* 474 Mich. 939; 706 NW2d 26 (2005) (table).

Petitioner has now filed a petition for writ of habeas corpus raising the following issues:

I. Petitioner's bench trial conviction for unarmed robbery should be vacated as a violation of his constitutional right to due process of the law, where the prosecution failed in its burden of persuasion to present sufficient evidence that would enable a rational trier-of- fact to find that the requisite elements for that offense were proven beyond a reasonable doubt.

II. Petitioner was denied his constitutional right to due process of the law, as guaranteed under state and federal law, where the trial court sitting as the trier of fact, failed to make specific finding of fact and state its conclusion of law upon which it found defendant guilty of the lesser offense of unarmed robbery.

III. Petitioner's prison sentence of 10 to 22 years for unarmed robbery is grossly disproportionate and in violation of the Eight[h] Amendment's ban on cruel and unusual punishment, where there were no substantial and compelling reasons for the substantial sentencing departure.

IV. Petitioner's constitutional claims fall within the requirements of MCR 6.508 which articulates the procedures for obtaining post-appeal relief, where Petitioner was denied his constitutional right to effective assistance of counsel on his direct appeal, and where Petitioner can make a substantial showing of actual innocence and a fundamental miscarriage of justice.

Respondent has filed an answer to the petition; and Petitioner filed a reply brief in response.

## II. STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this court's habeas corpus review of state court decisions. Petitioner is entitled to the writ of habeas corpus if he can show that the state court's adjudication of his claim on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id.* at 410 (emphasis in original). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law is objectively unreasonable." *Id.* at 409. "Furthermore, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence." *Baze v. Parker,* 371 F.2d 310, 318 (6th Cir. 2004) (citing 28 U.S.C. §2254(e)(1)).

### III.  DISCUSSION

#### A.

#### Sufficiency of Evidence

Petitioner asserts that there was insufficient evidence to sustain his conviction of unarmed robbery. The Michigan Court of Appeals rejected this argument and ruled as follows:

> In the case, there was sufficient evidence presented from which any rational trier of fact could have found that the essential elements of unarmed robbery were proven beyond a reasonable doubt. Even in the absence of a gun, there was still sufficient evidence presented that defendant took the property by use of force, violence, or assault. Further, defendant's original intent in going to the victim's house is unimportant as long as defendant "intended to permanently deprive the victim of his property and the taking as accomplished through an assault or threat of violence." *People v. Jankowski,* 130 Mich. App. 143, 150; 342 NW2d 911 (1983). Questions of credibility are left to the trier of fact and will not be decided on appeal. *People v. Avant,* 235 Mich. App. 499, 506; 597 NW2d 864 (1999). Accordingly, there was sufficient evidence to support defendant's conviction of unarmed robbery.

*Bullock,* 2002 WL 31013190, *2.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship,* 397 U.S. 358, 364 (1970). However, the critical inquiry on review of the sufficiency of the evidence is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 318 (1979).

This inquiry does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." *Id.* Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnotes omitted) (emphasis in original). This "standard must be applied with explicit references to the substantive elements of the criminal offense as defined by state law." *Id.* at n.16. "[N]ormally, pursuant to 28 U.S.C. § 2254(d)(1), this Court must determine whether the state court's application of the *Jackson* standard was contrary to or an unreasonable application of Supreme Court precedent." *Wolfe v. Bock,* 412 F.Supp.2d 657, 681 (E.D. Mich. 2006).

6

Because a claim of insufficiency of the evidence presents a mixed question of law and fact, this Court must determine whether the state court's application of the *Jackson* standard was reasonable. *Dell v. Straub*, 194 F.Supp.2d 629, 647 (E.D.Mich. 2002). Section 2254(d) "mandates that federal courts give deferential review to state court decisions on sufficiency of evidence claims." *David v. Lavinge*, 190 F.Supp.2d 974, 985 (E.D.Mich. 2002) (internal citations omitted). The habeas court does not substitute its own judgment for that of the finder of fact. *See Alder v. Burt,* 240 F.Supp.2d 651, 661-62 (E.D. Mich. 2003). In a federal habeas proceeding, the scope of review of the sufficiency of evidence in a state criminal prosecution "is extremely limited and a habeas court must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state and defer to that resolution." *Terry v. Bock*, 208 F.Supp.2d 780, 794 (E.D. Mich. 2002).

Petitioner claims that insufficient evidence was presented at trial to support a conviction for assault with intent to rob while unarmed offense. The elements of the offense are: "(1) felonious taking of property from another, (2) by force or violence or assault or putting in fear, (3) while unarmed." MCL §750.530; *People v. Johnson,* 206 Mich. App. 122, 125; 520 NW2d 672 (1994).

The testimony of Andrew Burks set forth above clearly substantiates an unarmed robbery claim. Mr. Burks was forced into his home, down to the floor and guarded while Petitioner's partner searched for items to take. When Petitioner saw that his partner missed some items, his partner guarded Mr. Burks while Petitioner continued to ransack his home. Petitioner found the items he was looking for and the two loaded up their vehicle with Mr. Burks' belongings. The Court finds this evidence legally sufficient to sustain an unarmed robbery conviction.

Given the testimony adduced at trial, the Court finds that the Michigan Court of

Appeals' decision to reject Petitioner's insufficiency of evidence argument was not an unreasonable application of law. To the extent that Petitioner challenges the inferences that the jury drew from the testimony presented at trial and the weight to be accorded certain pieces of evidence, he is not entitled to relief. *Walker v. Engle,* 703 F.2d 959, 969-70 (6th Cir. 1983). It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris,* 972 F.2d 675, 679 (6th Cir. 1992). A habeas court must defer to the factfinder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys,* 319 F.3d 780, 788-89 (6th Cir. 2003).

"The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim." *Id.* A rational jury could well choose to credit Joel Vincent Cropper and Detective Gonzalez's testimony and to discount or reject outright Petitioner's theory of the case. The court on habeas review must in such cases defer to the jury's finding, made beyond a reasonable doubt, that the more credible witnesses supported the prosecution's charges. See *Matthews,* 319 F.3d at 788-89. Petitioner's claim that his conviction was not supported by constitutionally sufficient evidence is without merit and habeas relief is not warranted.

**B.**

**Procedural Default**

Petitioner maintains that his claim regarding the trial court's failure to place on the record specific findings of fact and conclusions of law constituted error and resulted in a deprivation of his due process rights. He further claims that this issue is procedurally defaulted due to the ineffectiveness of his appellate counsel. Therefore, any procedural default should be excused.

A habeas court generally is barred from reviewing a state prisoner's federal claims where

the prisoner has defaulted those claims in state court pursuant to an independent and adequate state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). However, not every procedural rule will warrant application of the procedural default doctrine. Only a "'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review by [the federal habeas court] of a federal constitutional claim." *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) quoting *James v. Kentucky*, 466 U.S. 341, 348-51 (1984). Moreover, "[a] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). The Court may consider procedurally defaulted claims, however, if the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violations or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

Petitioner first raised the claim regarding specific findings of fact and conclusions of law in his motion for relief from judgment. The trial court denied relief pursuant to Michigan Court Rule 6.508(D)(3). The court concluded that Petitioner did not establish cause and prejudice for previously failing to raise the challenges to his conviction. The Michigan appellate courts also relied upon Michigan Court Rule 6.508(D) in denying Petitioner leave to appeal the denial of his motion for relief from judgment. The Michigan courts thus "clearly and expressly" relied upon a state procedural rule in dismissing his claims.

In his habeas pleadings, Petitioner asserts cause to excuse his procedural default. On collateral review in the Michigan courts, Petitioner also alleges ineffective assistance of appellate counsel as cause to excuse his procedural default. If Petitioner's position is correct, counsel's

ineffectiveness may constitute cause to excuse any procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate that his appellate counsel was ineffective, a petitioner must show *inter alia* that his claims would have succeeded on appeal. *See Smith v. Robbins*, 528 U.S. 259, 285-86 (2000). Given that the cause and prejudice inquiry merges with an analysis of the merits of Petitioner's defaulted claim, the Court concludes that it would be most efficient to simply consider the merits of the claim.

**1.**

**Findings of Fact & Conclusions of Law**

Petitioner claims that the trial court "failed to make specific findings of fact and conclusions of law upon which it found Petitioner guilty of unarmed robbery." Pet. at 18. Habeas relief is denied relative to this claim for two reasons.

First, the Court finds that the trial court made specific findings of fact, Tr., 10/25/00, at 25-27, and conclusions of law, Tr., 10/25/00, at 28-29, relative to the unarmed robbery charge. Second, to the extent that the trial court's summary if the findings of law and conclusions of law is deficient, habeas relief remains unwarranted. Under Michigan law a trial court judge in a bench trial is required to make separate findings of fact and conclusions of law, because this facilitates the appellate review process. *Campbell v. Grayson,* 207 F.Supp.2d 389, 596 (E.D. Mich. 2002) citing, *People v. Johnson,* 208 Mich. 137, 141; 526 NW2d 617 (1994). However, there is no Supreme Court precedent which establishes that a trial court judge, sitting as a trier of fact, must make any specific findings as to each element of a crime to satisfy federal constitutional concerns. See *Wofford v. Straub,* 27 Fed. App'x. 517, 520 (6th Cir. 2001). Therefore, to the extent that the trial court

10

failed to place the findings of fact and conclusions of law on the record in this matter, this would be insufficient, in and of itself, to grant habeas relief.

## C.

### Disproportionate Sentence

Petitioner asserts that the minimum sentence of ten to twenty-two years' imprisonment on his conviction of unarmed robbery is grossly disproportionate. The Michigan Court of Appeals ruled that

> [T]he court erred in finding that these factors [parole status, the number and classification of prior offenses, etc.] warranted a departure. However, the facts that defendant had once escaped from prison and had repeatedly absconded frm parole within a short time frame are objective, verifiable factors not considered by the guideline. Therefore, the court did not abuse its discretion in finding a substantial and compelling reason for departing from the guidelines.

*Bullock,* 2002 WL 31013190, *2.

Petitioner's assertion that his sentence is disproportionate under state law fails to state a claim for federal habeas relief. *Austin v. Jackson,* 231 F.3d 298, 300 (6th Cir. 2000). State courts are the final arbiters of state law. See *Bradshaw v. Richey* 546 U.S. 74, 76 (2005); *Sanford v. Yukins,* 288 F.3d 855, 860 (6th Cir. 2002). Moreover, there is also no federal constitutional right to individualized sentencing. See *United States v. Thomas,* 49 F.3d 253, 261 (6th Cir. 1995). Petitioner is thus not entitled to habeas relief on this claim.

To the extent that Petitioner is further asserting that his sentence is disproportionate or violates the Eighth Amendment, he also fails to state a claim for federal habeas relief. The United States Constitution does not require strict proportionality between a crime and its punishment. See *Harmelin v. Michigan,* 501 U.S. 957, 965 (1991); *United States v. Marks,* 209 F.3d 577, 583 (6th

Cir. 2000). "Consequently, only an extreme disparity between crime sentence offends the Eighth Amendment." *Marks,* 209 F.3d at 583. "A sentence within the statutory maximum . . . generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson,* 213 F.3d 298, 302 (6th Cir. 2000) quoting *United States v. Organek,* 65 Fed. 3d 60, 62 (6th Cir. 1995).[2]   Moreover, the Sixth Circuit has stated that "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas,* 49 F.3d 253, 261 (6th Cir. 1995). This case does not involve either of those sentencing dispositions. Therefore, habeas relief is not warranted on this claim.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED.**

> s/John Corbett O'Meara
> United States District Judge

Date: March 27, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 28, 2009, by electronic and/or ordinary mail.

> s/William Barkholz
> Case Manager

---

[2]Although the maximum punishable period for unarmed robbery is fifteen years pursuant to Mich. Comp. Laws §750.530(1), Petitioner is an habitual offender with previous armed robbery and felony firearm convictions in 1996. Therefore, a twenty-two year maximum sentence is within the statutory maximum for a second habitual offender and is not grossly disproportionate for his conviction. Mich. Comp. Laws §769.10. The imposition of Petitioner's sentence cannot be said to be an unreasonable application of clearly established federal law.